UNITED STATES DISTRICT COURT                                    RG 0704
EASTERN DISTRICT OF NEW YORK

GENERAL WAITERS,

                              Petitioner,      AFFIDAVIT IN OPPOSITION
                                               TO PETITION FOR A WRIT
                  -against-                    OF HABEAS CORPUS

WILLIAM LEE, Superintendent,                   13-CV-3636(JG)
Green Haven Correctional Facility

                              Respondent.

STATE OF NEW YORK  )
                   ) SS:
COUNTY OF KINGS    )

        RHEA A. GROB, being duly sworn, deposes and states as
follows:

        1.   I am an Assistant District Attorney of counsel to
Charles J. Hynes, the District Attorney of Kings County.  I am
admitted to practice in New York State and before this Court.

        2.   By agreement with the Attorney General of the State of
New York, the District Attorney of Kings County will represent
respondent in the above-captioned matter.

        3.   This affidavit is submitted in opposition to
petitioner's (hereinafter "defendant") application for a writ of
habeas corpus, dated June 26, 2013.  The following statements are
made on information and belief based on the records and files of
the Kings County District Attorney's Office.

        4.   On May 7, 2006, at about 11:30 a.m., at 340 Williams
Avenue, Apartment 4-I, in Brooklyn, defendant fired a gun at

Lorenzo Warren several times, hitting Warren in the thigh, hitting Shatashia Lewis in the thigh, hitting Mary Lee Clark in the head which put her in a coma, and killing three year-old Tajmere Clark.

5.    For these acts, defendant was charged, by Kings County Indictment Number 3464/2006, with one count of Murder in the Second Degree on a transferred intent theory (N.Y. Penal Law § 125.25[1]), Attempted Murder in the Second Degree (N.Y. Penal Law § 110/125.25[1]), Assault in the First Degree (P.L. § 120.10[1]), two additional counts of Assault in the First Degree on a transferred intent theory (N.Y. Penal Law § 120.10[1]), Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03[2]), and Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01[1]).

6.    Defendant was convicted, after a jury trial, of second-degree murder, attempted second-degree murder and two counts of first-degree assault.    Defendant was sentenced to consecutive terms of imprisonment of twenty-five years to life on the murder count, ten years on the attempted murder count, twenty-five years on the first-degree assault count relating to Mary Lee Clark, and five years on the first-degree assault count relating to Shatashia Lewis and to five years of post-release supervision (Dowling, J.), at trial and sentence).

7.    Defendant appealed his conviction to the Appellate Division of the New York State Supreme Court, Second Department

(hereinafter "Appellate Division").   <u>See</u> N.Y. Crim. Proc. Law § 450.10(1).   Defendant's appellate attorney, in a brief on defendant's behalf, raised the following claims:

> (POINT I)
> THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE WHERE, PROCEEDING UNDER A THEORY OF TRANSFERRED INTENT, THE PEOPLE FAILED TO PROVE THAT APPELLANT INTENDED TO SHOOT THE PERSON SPECIFIED IN THE INDICTMENT RATHER THAN THE THREE OTHER PEOPLE [THAT] WERE SHOT IN ADDITION TO THAT PERSON (U.S. CONST. AMEND. XIV; N.Y. CONST. ART. I, §6; <u>JACKSON V. VIRGINIA</u>, 443 U.S. 307[1979]).
>
> (POINT II)
> APPELLANT WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL BY THE PROSECUTOR, WHO, <u>INTER ALIA</u>, IN A CASE WHERE INTENT WAS THE KEY ISSUE, REPEATEDLY MADE FACTUALLY MISLEADING SUMMATION ARGUMENTS NOT SUPPORTED BY THE EVIDENCE CONCERNING THE INTENT ELEMENTS OF THE CRIMES, MISSTATED THE LAW APPLICABLE TO THOSE ELEMENTS, AND VOUCHED FOR HIS CASE WITH REGARD TO THOSE ELEMENTS.   U.S. CONST., AMENDS. V, XIV; N.Y. CONST., ART. I, § 6.
>
> (POINT III)
> APPELLANT WAS ILLEGALLY SENTENCED, IN VIOLATION OF P.L. §70.25, WHEN THE COURT IMPOSED CONSECUTIVE SENTENCES FOR EACH OF THE FOUR COUNTS ALTHOUGH THE PEOPLE DID NOT MEET THEIR BURDEN OF DEMONSTRATING THAT THE CRIMES WERE COMMITTED THROUGH SEPARATE ACTS. U.S. CONST., AMEND. XIV; N.Y. CONST., ART. I, §6.

8.   Defendant sought and was granted permission to file a supplemental <u>pro se</u> brief by the Appellate Division on June 8, 2010.   Respondent filed a response to the main brief filed by defendant's appellate counsel on June 30, 2010.

9.    On October 5, 2010, defendant moved before the Supreme Court Kings County, pursuant to N.Y. Crim. Proc. Law § 440.10 to vacate his judgment of conviction.   In his motion, defendant alleged that he was denied the effective assistance of trial counsel because (1) counsel failed to call an expert witness to explain and interpret the medical records of defendant that counsel put into evidence at trial, and because (2) "counsel requested an inappropriate lesser offense that forced the jury to convict on the top count of intentional murder in the second degree, and he failed to request lesser offense for the remaining intentional counts" (Exhibit H, Defendant's Motion to Vacate Judgment at 1-2, appended herein).   Respondent filed papers in opposition to defendant's motion on December 21, 2010.

10.   In a Memorandum Decision entered on January 26, 2011, the Supreme Court, Kings County denied defendant's motion to vacate his judgment of conviction.   The court ruled that defendant's claims were readily apparent from the face of the record and that defendant still had time to raise the claims in his supplemental brief which had not yet been filed (see Exhibit K, the Decision of the Supreme Court, Dowling, J., denying defendant's motion to vacate his judgment of conviction, appended herein).   See also N.Y. Crim. Proc. Law § 440.10(2)(c).

11.   On February 4, 2011, defendant filed a pro se supplemental brief.   In his brief defendant raised the following

4

claim:

> THE DEFENDANT WAS DEPRIVED OF HIS FEDERAL
> AND STATE CONSTITUTIONAL RIGHTS TO EFFECTIVE
> ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL (1)
> FAILED TO CALL AN EXPERT WITNESS TO EXPLAIN
> AND INTERPRET MEDICAL RECORS [sic] THAT
> WOULD HAVE ESTABLISHED HOW INTOXICATED
> DEFENDANT WAS, AND (2) COUNSEL REQUESTED AN
> INAPPROPRIATE LESSER-INCLUDED OFFENSE THAT
> FORCED THE JURY TO CONVICT ON THE TOP COUNT.
> U.S. CONST. 6TH AMDT.; N.Y. CONST. ART.
> SEC. 6.

Respondent filed a response to the pro se supplemental brief on May 3, 2011.

12.   In papers dated February 17, 2011, defendant sought leave to appeal the decision denying his motion to vacate judgment to the Appellate Division. See N.Y. Crim. Proc. Law §§ 450.15, 460.15. In a Decision and Order, dated September 8, 2011, the Appellate Division denied defendant leave to appeal from the Supreme Court's decision of January 24, 2011 (Dickerson, J.).

13.   In a decision and order dated May 8, 2012, the Appellate Division unanimously modified defendant's sentence and affirmed defendant's conviction. People v. Waiters, 95 A.D.3d 1043, 943 N.Y.S.2d 589 (2d Dep't 2012). The Appellate Division directed that defendant's sentences for attempted second-degree murder and first-degree assault under count five of the indictment run concurrently with each other and concurrently with defendant's consecutive sentences for second-degree murder and first-degree assault under count four of the indictment. Waiters, 95 A.D.3d at

1043-44. The court held that the verdict of guilt was not against the weight of the evidence. Id. at 1044. The court found defendant's claims regarding the prosecutor's summation to be unpreserved for appellate review. Id.; see N.Y. Crim. Proc. Law § 470.05(2). The Appellate Division held further that the alleged improper remarks did not deprive defendant of a fair trial. Id. Finally, the Appellate Division held that the claims defendant raised in his pro se supplemental brief regarding the effective assistance of counsel, were partly based on matters on the record and partly on matters outside the record thus constituting a "mixed claim" and the court ruled that a motion to vacate judgment was the correct forum to reviewing the claim in its entirety. Id. at 1044-45.

14. Defendant sought leave to appeal to the New York Court of Appeals. See N.Y. Crim. Proc. Law §§ 450.90, 460.20. In his leave application, defendant requested that the court review the claims he raised in the Appellate Division. By certificate dated August 7, 2012, a judge of the Court of Appeals denied defendant permission to appeal further. People v. Waiters, 19 N.Y.3d 1002, 951 N.Y.S.2d 478 (2012) (Ciparick, J.).

15. Defendant's present pro se petition to this Court for a writ of habeas corpus presents only the claims that defendant raised in his pro se supplemental brief to the Appellate Division and in his state court motion to vacate his judgment of

conviction.

16. Defendant is currently incarcerated pursuant to his judgment of conviction.

17. In accordance with this Court's Order to Show Cause dated July 2, 2013, the following documents are appended hereto as exhibits (via ECF, hard copy and disc):

a) the transcript of defendant's trial and sentencing (Exhibit A);

b) defendant's main brief to the Appellate Division (Exhibit B);

c) respondent's main brief to the Appellate Division (Exhibit C);

d) defendant's <u>pro se</u> supplemental brief to the Appellate Division (Exhibit D);

e) respondent's supplemental brief to the Appellate Division (Exhibit E);

f) defendant's leave application to the New York Court of Appeals (Exhibit F);

g) respondent's opposition to defendant's leave application (Exhibit G);

h) defendant's state court motion to vacate his judgment of conviction (Exhibit H);

i) respondent's papers in opposition to defendant's motion to vacate his judgment of conviction (Exhibit I);

j) defendant's reply to respondent's response to his motion to vacate judgment (Exhibit J); and

k) the decision of the state court denying defendant's motion to vacate judgment (Exhibit K).

18. I certify under penalty of perjury that the foregoing is true and correct.

19. Pursuant to Rule 7.1(c) of the Local Rules for the Southern and Eastern Districts of New York, respondent is providing to defendant, along with this response, copies of any cited decisions in the attached memorandum of law that are not officially reported and are solely available on computerized data bases.

WHEREFORE, and for the reasons stated in the accompanying Memorandum of Law, the instant petition for a writ of <u>habeas corpus</u> should be denied.

Dated:     Brooklyn, New York
           September 18, 2013


                              Respectfully submitted,

                              *Rhea A. Grob*
                              _____
                              Rhea A. Grob
                              Assistant District Attorney
                              Kings County District Attorney
                              350 Jay Street
                              Brooklyn, New York  11201
                              (718) 250-2480


General Waiters
08-A-3571
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York  12582

UNITED STATES DISTRICT COURT                                    RG 0704
EASTERN DISTRICT OF NEW YORK

GENERAL WAITERS,

                            Petitioner,          MEMORANDUM OF LAW

              -against-                          13-CV-3636 (JG)

WILLIAM LEE, Superintendent,
Green Haven Correctional Facility

                            Respondent.


TABLE OF CONTENTS

                                                                Page

STATEMENT OF FACTS............................................1

ARGUMENT.....................................................1

        THE CLAIMS THAT DEFENDANT RAISES IN HIS
        PETITION ARE UNEXHAUSTED AND BECAUSE
        DEFENDANT HAS A STATE FORUM IN WHICH TO
        RAISE THE CLAIMS, THE PETITION SHOULD BE
        DISMISSED. IN ANY EVENT, DEFENDANT'S CLAIMS
        ARE WITHOUT MERIT AND DO NOT WARRANT FEDERAL
        HABEAS RELIEF........................................1

        I.   Defendant's claims are unexhausted.............1

        II.  Standard of Review.............................3

        III. Defendant's claims of ineffective
             assistance do not merit habeas relief .........5

CONCLUSION..................................................18

CERTIFICATE OF SERVICE......................................19

UNITED STATES DISTRICT COURT                              RG 0704
EASTERN DISTRICT OF NEW YORK

GENERAL WAITERS,

                              Petitioner,      MEMORANDUM OF LAW

              -against-                        13-CV-3636(JG)

WILLIAM LEE, Superintendent,
Green Haven Correctional Facility

                              Respondent.

## STATEMENT OF FACTS

Respondent relies on the Statement of Facts set forth in Respondent's Brief to the Appellate Division, at pages 2-23, appended herein as Respondent's Exhibit C, as a full statement of facts applicable to the claims raised in defendant's instant petition.

## ARGUMENT

THE CLAIMS THAT DEFENDANT RAISES IN HIS PETITION ARE UNEXHAUSTED AND BECAUSE DEFENDANT HAS A STATE FORUM IN WHICH TO RAISE THE CLAIMS, THE PETITION SHOULD BE DISMISSED. IN ANY EVENT, DEFENDANT'S CLAIMS ARE WITHOUT MERIT AND DO NOT WARRANT FEDERAL HABEAS RELIEF.

I.  Defendant's claims are unexhausted.

Defendant's petition for a federal writ of habeas corpus should be dismissed. Defendant has not exhausted in state court the claims he raises in the instant petition. Moreover,

defendant still has a state forum in which to raise the instant claims, accordingly, the petition should be dismissed.

While defendant's direct appeal was pending in state court, he moved to vacate his judgment of conviction on the same grounds he raises in the instant petition, namely, that he was denied the effective assistance of counsel because his trial counsel failed to call an expert witness to explain the contents of defendant's medical records that defendant introduced into evidence. Defendant also claimed that his attorney was ineffective for not requesting that the court charge second-degree manslaughter as a lesser included offense of intentional murder. See Exhibit H, defendant's motion to vacate his judgment of conviction. In its opposition papers, respondent argued that both claims were discernible from the record on appeal and accordingly could be raised on direct appeal. See Exhibit I, respondent's opposition to defendant's motion to vacate his judgment of conviction. The Supreme Court, Kings County denied defendant's motion on procedural grounds, stating that "the claims raised by the defendant are readily ascertainable from the record and could have been raised in the defendant's appellate brief." See Exhibit K, state court decision denying defendant's motion to vacate judgment of conviction at 2. The court noted that defendant still had the

opportunity to raise the claims in his supplemental brief. Exhibit K at 2.

Defendant did raise these two claims in his <u>pro</u> <u>se</u> supplemental brief. <u>See</u> Exhibit D.  The Appellate Division, in affirming defendant's judgment of conviction determined that defendant's claims of ineffective assistance of counsel were "based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a 'mixed claim' of ineffective assistance, noting that a motion to vacate judgment would be the appropriate forum for reviewing the claim in its entirety.  <u>People v. Waiters</u>, 95 A.D.3d 1043, 1044-45 (2d Dep't 2012).  Thus, defendant still has a forum in state court, by way of a motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10, in which to bring the instant claims.  Were defendant to now bring the claims in state court, respondent would oppose them on the merits.  Accordingly, defendant's petition should be dismissed.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

II.  <u>Standard of Review</u>.

A state prisoner is entitled to a writ of <u>habeas</u> <u>corpus</u> if the state court's adjudication of the prisoner's claims:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

On habeas review, a federal court is limited to deciding whether a conviction "violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991) (federal habeas relief does not lie for errors of state law); Smith v. Phillips, 455 U.S. 209, 211 (1982) (non-constitutional claims are not cognizable in federal habeas proceedings). Thus, to be entitled to habeas review, a petitioner must demonstrate that allegedly erroneous state court rulings violated an identifiable constitutional right. See Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988).

However, in this case, because neither the state Appellate Division nor the state Supreme Court reviewed the merits of defendant's claims, should the Court review the claims now, defendant is entitled to de novo review of his claims. Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001) (claims raised in habeas petition that have not been adjudicated on the merits are subject to de novo review).

4

III.    <u>Defendant's claims of ineffective assistance do not merit habeas relief</u>.

Defendant alleges that his trial attorney was ineffective for not presenting an expert witness to explain defendant's medical records which defendant introduced into evidence at trial and for not requesting that the trial court charge the jury on second-degree manslaughter as a lesser included charge of second-degree intentional murder.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court held that to prevail upon a claimed deprivation of the federal constitutional right to effective assistance of counsel, a defendant had to show both that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, there was a "reasonable probability that . . . the result of the proceeding would have been different."  The Second Circuit has already recognized that New York State's test for ineffective assistance of counsel is not contrary to <u>Strickland v. Washington</u>, 466 U.S. 668  (1984).  <u>See</u> <u>Rosario v. Ercole</u>, 617 F.3d 683 (2d Cir. 2010); <u>Eze v. Senkowski</u>, 321 F.3d 110, 123 (2d Cir. 2003).  In <u>Strickland</u>, the United States Supreme Court stated that the test for an ineffective assistance claim in a habeas corpus case is whether the petitioner received "reasonably competent assistance." <u>Strickland</u>, 466 U.S. at 688.

Defendant has failed to meet his burden of showing that trial counsel provided less than meaningful representation, and that but for counsel's deficiencies, the results of the trial would have been different. Under the totality of the circumstances here, defendant's trial counsel rendered meaningful assistance. A review of the record reflects that trial counsel was more than adequately prepared and possessed an in-depth familiarity with the facts of defendant's case. Trial counsel made appropriate motions and objections throughout and cross-examined the witnesses at trial, taking advantage of inconsistencies in their testimonies.

Trial counsel successfully obtained suppression of defendant's statements made to the police and successfully obtained an intoxication charge on defendant's behalf and a lesser-included charge of first-degree manslaughter. Counsel argued that defendant did not intend to kill Lorenzo Warren when he fired shots at him, and that he had no transferred intent to cause the death of Tajmere Clark or the injuries sustained by Mary Lee Clark, Shatashia Lewis, and Lorenzo Warren. Defense counsel argued that defendant was intoxicated at the time of the crime and that his intoxication negated his intent.

Defendant's claim that his counsel was ineffective for not calling an expert to the stand to explain the contents of defendant's medical records is without merit. The trial court allowed into evidence two pages of defendant's medical records

that related that defendant was brought into the hospital in an intoxicated state.   The trial court disallowed further medical records to be introduced that discussed defendant's ethyl/alcohol level without a witness to explain the significance of the testimony.   Further, the prosecutor had objected to any of defendant's medical records being introduced at all.   See Exhibit A, trial transcript at 531-56.

Trial counsel's decision not to put an expert on the stand to further explain the level of intoxication was strategic.   The witnesses at trial all testified that defendant was intoxicated at the time of the incident.   Expert toxicology testimony regarding defendant's blood alcohol level would have opened up an area for cross-examination and rebuttal such as testimony from a toxicologist that an individual's blood alcohol level generally does not reach its maximum point until about one and one-half hours after a person stops drinking and that the level of impairment from alcohol varies from person to person based on whether an individual is an experienced drinker.   Further testimony from an expert could well have established that because defendant was a habitual drinker, his level of intoxication would not have negated his intent to commit the crimes of which he was convicted.

Indeed, the colloquy placed on the record reflected that defendant made statements to the doctors that examined him (Drs.

7

Drob and Dr. Bardey) that he was not intoxicated and had not been drinking that morning and that he clearly knew what was going on and had a specific intent (Exhibit A, trial transcript at 544, 553, 555).  Thus, had counsel put on an expert to testify regarding the level of defendant's intoxication, he would have likely opened the door to the prosecutor being able to call these witnesses to rebut defendant's position that he was so intoxicated that he could not form the intent to commit the crimes.  See Barclay v. Spitzer, 371 F. Supp. 2d 273 (E.D.N.Y. 2005) (the calling of a doctor would have opened the door to rebuttal by the prosecution using its own doctor).

Accordingly, defense counsel's decision to put before the jury just the testimony of the witnesses that defendant drank from early on in the morning on the day of the shooting, and that portion of the medical records stating defendant was intoxicated when brought into the hospital shortly after the incident, was clearly strategic as an attempt by the defense to have the lay jury infer that defendant's intoxication necessarily negated his intent.

An attorney's decision "whether to call specific witnesses -- even ones that might offer exculpatory evidence -- is ordinarily not viewed as a lapse in professional representation." United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000); see also United States v. Schmidt, 105 F.3d 82, 83

8

(2d Cir. 1997) (the decision of whether or not to call a particular witness is a matter of trial strategy which the courts will generally not second guess); <u>United States v. Nersesian</u>, 824 F.2d 1294, 1321 (2d Cir.) ("The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial."), <u>cert</u>. <u>denied</u>, 484 U.S. 958 (1987). <u>See also People v. Damphier</u>, 13 A.D.3d 663 (3d Dep't 2004) (failure to call a specific witness, i.e., a shoe print expert, in and of itself, does not establish ineffective assistance of counsel); <u>People v. Chung</u>, 276 A.D.2d 708 (2d Dep't 2000) (failure of defendant's attorney to call defendant and various witnesses to testify at trial was matter of trial strategy).

Defendant has failed to establish that testimony by an expert regarding the level of alcohol in his blood stream would have been beneficial to him. <u>See People v. Loret</u>, 56 A.D.3d 1283 (4th Dep't 2008) (counsel's failure to call rebuttal expert witness did not constitute ineffective assistance absent showing that expert's testimony would have assisted trier of fact or that defendant was prejudiced by absence of such testimony). Defendant's arguments regarding blood alcohol levels are of no significance as they are not specific regarding the medical records, the conditions under which defendant was brought into

the hospital, and do not take into account his history of alcoholism which would have affected his behavior and his ability to form intent.

The medical records, as admitted, were clear and easily comprehendible to the jury. The fact that defendant was brought into the hospital shortly after the incident, in an intoxicated state, merely buttressed defendant's position, that he was too drunk to have intended the consequences of his actions. Moreover, the portion of the medical records that were admitted supported the version of events as told by the prosecution witnesses, that defendant had been drinking that morning, along with Jacqueline Warren and Mary Lee Clark. Thus, despite defendant's contention otherwise, trial counsel's decision not to call an expert witness to testify regarding the additional medical records was not ineffective and those additional records were not before the jury. The medical records before the jury supported defendant's contention that he was intoxicated at the time of the crime, and still intoxicated when he was brought into the hospital shortly after the shooting incident.

Defendant also contends that his attorney was ineffective for not requesting that the court charge manslaughter in the second degree as a lesser included offense of intentional murder. A charge conference appearing on the record reflects that defense counsel requested that the court charge the jury on

10

first-degree manslaughter as a lesser count of intentional murder over the prosecutor's objection (Exhibit A, trial transcript at 563-64). Defendant's claim should be foreclosed from review. Defendant was indicted for the attempted murder of Lorenzo Warren, and on a transferred intent theory, of second-degree murder and first-degree assault charges. The jury was given an intoxication charge and yet convicted defendant of the second-degree murder charge although it had the option to reject that charge and consider first-degree manslaughter. Because the jury clearly concluded that defendant acted intentionally and that his intoxication did not negate his intent when he caused the death of Tajmere Clark and injured the other victims, defendant was not prejudiced by his attorney's decision not to request second-degree manslaughter -- to also consider whether defendant acted merely recklessly in the shooting that caused a death and several injuries. See People v. Green, 5 N.Y.3d 538, 545 (2005); People v. Boettcher, 69 N.Y.2d 174, 180 (1987) (both holding where court charges next lesser included offense of crime charged in indictment but refuses to charge lesser degrees than that, conviction of crime alleged in indictment forecloses challenge to refusal to charge more remote lesser included offenses); People v. Beriguette, 51 A.D.3d 939 (2d Dep't 2008) (claimed error for refusal to charge second-degree manslaughter as lesser included offense of second-degree murder was

foreclosed by jury's verdict of second-degree murder and its implicit rejection of first-degree manslaughter charge); People v. Tulloch, 179 A.D.2d 794 (2d Dep't 1992) (same). See also Robinson v. Artus, 674 F. Supp. 2d 435, 445 n.5 (W.D.N.Y. 2009) (citing to Boettcher, 69 N.Y.2d 174, 180-81, for New York rule regarding foreclosure to challenge of court's refusal to charge a remote lesser included offense where a defendant is convicted of crime charged in indictment).

Here, defendant fired multiple gunshots into a room full of people, while pointing the gun at one specific person in the room. The evidence presented to the jury by all of the witnesses established that defendant went and retrieved the gun, secreted it under a jacket, and then pointed the gun at Lorenzo Warren and fired that gun five times. One bullet hit Lorenzo Warren in the thigh; one bullet hit Shatashia Lewis in the thigh, one bullet went through a wall and lodged in a closet; one bullet penetrated the brain of Mary Lee Clark, putting her into a coma; and one bullet penetrated the brain of three-year old Tajmere Clark, killing her. The trial court charged the jury on intoxication, explaining that intoxication, although not a defense, can negate an element of the crime charged. The court continued to charge the jury that it could consider whether defendant's mind was affected by intoxicants to such a degree that he was incapable of forming the intent necessary for

the commission of the crimes (Exhibit A, trial transcript at 685). Accordingly, based on the evidence presented, there is no possibility that the jury would have convicted defendant only of second-degree manslaughter had they been given that option, and accordingly, defendant was not prejudiced by his attorney's decision not to request that charge. See People v. Kennedy, 7 A.D.3d 272 (1st Dep't 2004) (where jury rejected first-degree manslaughter and convicted defendant of murder, failure to submit more remote lesser offenses of second degree manslaughter and criminally negligent homicide was harmless); People v. Vega, 155 A.D.2d 632 (2d Dep't 1989) (same). See also People v. Crique, 63 A.D.3d 566 (1st Dep't 2009).

Defendant appears to suggest that because the jury was given the intoxication charge, trial counsel should have requested the second-degree manslaughter charge. However, a trial court's decision to give an intoxication instruction does not automatically compel submission of lesser included offenses. See People v. Butler, 84 N.Y.2d 627, 632-34 (1994) (upholding trial court's refusal to submit lesser-included offenses to the jury and explaining that evidence of intoxication does not automatically entitle a jury to find that a defendant acted recklessly); People v. Cody, 260 A.D.2d 718 (3d Dep't 1999). Here, the evidence presented at trial established that although defendant had been drinking on the morning of the shooting,

13

defendant still had the presence of mind to arm himself with a gun which he had to retrieve from a bedroom in the apartment after arguing with the occupants of the apartment. Defendant then secreted the gun under a jacket. When the argument escalated further, defendant pointed the gun at Lorenzo Warren, with whom he was arguing, and fired five shots in the confines of the small living room of the apartment with several occupants. See People v. Rivera, 2 A.D.3d 542 (2d Dep't 2003) (under no reasonable view of the evidence could jury have found that defendant committed lesser offenses of manslaughter but not greater offense of murder given number of shots fired by defendant at close range; evidence, when viewed most favorably to defendant, did not support his contention that his alcohol consumption affected his mental capacity to commit intentional murder). See also People v. Cesario, 71 A.D.3d 587 (1st Dep't 2010) (no reasonable view of evidence in light most favorable to defendant to submit second-degree manslaughter where during dispute, defendant went to another room of apartment, took pistol from safe, returned and fired multiple shots at two victims; psychiatric expert testimony that defendant experienced loss of control only supported request for defense of extreme emotional disturbance).

Indeed, an attorney is not ordinarily deemed ineffective for failing to request a lesser included offense. A court's

14

failure to submit a statutorily and factually appropriate lesser included offense "does not constitute error" absent a party's request for such a charge. See N.Y. Crim. Proc. Law § 300.50(2). This waiver provision recognizes that the lack of such a request typically reflects trial strategy. People v. Calderon, 66 A.D.3d 314, 320 (1st Dep't 2009). See also Colon v. Smith, 723 F. Supp. 1003, 1008 (S.D.N.Y. 1989) ("A failure to request charges on all possible lesser included offenses may be proper trial strategy." [citations omitted]). "A decision to forgo a charge on lesser included offenses is strategic in nature." Lake v. Portuondo, 14 Fed. Appx. 126 (2d Cir. 2001). Here, defense counsel, based upon his success at obtaining an intoxication defense, strategically chose not to request second-degree manslaughter as a lesser included offense. In light of the witness testimony and the prosecutor's concession that defendant was intoxicated, trial counsel sought an acquittal on all charges by reason of defendant's inability to form the intent to commit the crimes charged. The evidence supported the finding that defendant either acted intentionally, or that by reason of intoxication he was unable to form the specific intent.

Accordingly, defendant's strategic decision to seek all out acquittals on defendant's behalf did not constitute ineffective assistance. A defense which denies guilt is "a strategy that

'practically precludes a request for an instruction on a lesser included offense.'" <u>Rios v. United States</u>, No. CV-91-4384, 1992 U.S. Dist. LEXIS 16444, 1992 WL 328931, at *6 (E.D.N.Y. 1992). "The strategy of pursuing a completely exculpatory defense instead of a partially exculpatory defense is one of the many decisions made by trial counsel which are entitled to substantial deference." <u>Gibbs v. Donnelly</u>, 673 F. Supp. 2d 121, 143 (W.D.N.Y. 2009) (citing <u>United States v. Di Tommaso</u>, 817 F.2d 201, 215 [2d Cir. 1987]). <u>See</u> <u>United States ex rel. Johnson v. Vincent</u>, 507 F.2d 1309, 1312, n.7 (2d Cir. 1974) (finding failure to request charges on possible lesser included offenses may be proper trial strategy); <u>People v. Lane</u>, 60 N.Y.2d 748, 750 (1983) (defendant not denied ineffective assistance of counsel because failure to request lesser included charge resulted from "all-or-nothing" defense tactic). <u>See also</u> <u>People v. Felice</u>, 45 A.D.3d 1442 (4th Dep't 2007) (court rejected defendant's contention that it should have charged third-degree assault as lesser included offense of first-degree assault because evidence of intoxication would allow jury to find defendant acted recklessly but not intentionally; evidence supported finding that defendant either intentionally bit victim's nose or by reason of intoxication was unable to form specific intent to do so, evidence did not support finding that defendant recklessly caused injury).

In sum, defendant's claims are unexhausted for federal habeas review and should be denied.  In any event, defendant's claims are without merit and do not warrant federal habeas relief.  Defendant has failed to show that he was denied the effective assistance of counsel.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 690 (1984).  Accordingly, defendant's petition should be denied.

<u>CONCLUSION</u>

<u>FOR THE AFOREMENTIONED REASONS, DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE DISMISSED OR IN THE ALTERNATIVE, DENIED</u>.


Dated:     Brooklyn, New York
           September 18, 2013



                              Respectfully submitted,



                              CHARLES J. HYNES
                              District Attorney
                              Kings County

LEONARD JOBLOVE
RHEA A. GROB
Assistant District Attorneys
     of Counsel

18

<u>Certificate of Service</u>

I hereby certify that on September 18, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the follow party:


General Waiters
Defendant-Petitioner
08-A-3571
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York  12582

*Rhea A. Grob*
Rhea A. Grob
Assistant District Attorney
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, New York  11201
(718) 250-2480

19