# MEMORANDUM

SUPREME COURT: KINGS COUNTY
(Criminal Term, Part 1)
-----------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,

                                                                                 DECISION AND ORDER
                                                                                 By: Justice Deborah A. Dowling

                  -against-                                        Dated: October 14, 2014

                                                                                 Indictment No: 3464/06

**GENERAL WAITERS,**
                                  Defendant(s).
-----------------------------------------------------------------X

The defendant submitted the instant motion seeking an Order to vacate his conviction pursuant to Criminal Procedure Law §440.10(1)(h) after a complete Plenary hearing pursuant to Criminal Procedure Law §440.30(5). The defendant's request for a hearing was granted on consent of the People. The hearing was commenced before this Court on May 28, 2014 and concluded on May 29, 2014[1]. The defendant called Dr. Richard Stripp and Calvin Simons, Esq. during the course of this hearing.

The defendant contends his conviction was obtained in violation of his right to effective assistance of counsel. Specifically, the defendant argues trial counsel's failure (1) to call an expert witness to explain the defendant's medical records; (2) trial counsel's

---

[1] The parties requested an opportunity to submit written arguments after the hearing concluded and this Court granted the request.

failure to request that a specific lesser included offense be submitted to the jury for its consideration; and (3) trial counsel's failure to impeach a certain witness during the course of his trial amounted to ineffective assistance of counsel. The People opposed the defendant's motion. For the reasons stated herein the defendant's motion is denied in its entirety.

## PROCEDURAL HISTORY

On June 2, 2008, the defendant was convicted of one count of Murder in the Second Degree (PL §125.25(1)), one count of Attempted Murder in the Second Degree (PL §110.00/125.25(1)), three counts of Assault in the First Degree (PL §120.10(1)0, one count of Criminal Possession of Weapon in the Second Degree (PL §265.03(2)) and one count of Criminal Possession of Weapon in the Fourth Degree (PL §265.01(1)). The defendant's conviction arose out of a shooting incident which occurred on May 7, 2008, when the defendant got into an argument while at his girlfriend's home. The defendant fired a gun during the course of the argument, killing a child, Tajmere Clark and injuring Mary Lee Clark, Lorenzo Warren and Shatashia Lewis.

The defendant was sentenced by this Court to an indeterminate term of 25 years imprisonment to life for the most serious offense of Murder in the Second Degree. The defendant appealed his sentence and conviction and the Appellate Division rendered a decision modifying the defendant's sentence on May 8, 2012. *See People v. Waiters*, 95 A.D.3d 1043 (2012). The Appellate Division ordered that the defendant's sentences with

incident and had three different measured blood alcohol levels noted in his medical records. Dr. Stripp noted the reason for this was the defendant's metabolizing the alcohol in his system. As the alcohol was metablolized by the defendant's body the level of alcohol measured was reduced. Dr. Stripp also found the level of alcohol in the defendant's system could have caused the defendant to hallucinate and a loss of memory regarding this incident.

The defendant also called his trial counsel, Calvin Simons, Esq. Mr. Simons testified that he was a practicing attorney since 1983 and was assigned to the defendant's case through the Assigned Counsel Plan in 2006. Upon taking on the defendant's case, trial counsel subpoenaed and reviewed all records pertaining to the defendant's case, including the medical records. Mr. Simons utilized the services of certain family members, employed in the medical profession, to explain certain notations in the defendant's medical chart. Mr. Simmons also sought court approval to appoint Dr. Sandford Drob, a forensic psychologist to the case. Dr. Drob evaluated the defendant however, he did not provide any testimony during the course of the defendant's trial.

Mr. Simmons noted that he did not call a medical professional to explain the defendant's medical records but did place those records in evidence. Mr. Simmons further explained that his arguments during the course of the defendant's trial were based on his understanding of the defendant's medical records as well as the defendant's own insistence that he was not intoxicated at the time of this incident. Trial counsel further explained he initially was prepared to present Dr. Drob as a witness as well as the defendant. However,

during the course of the trial he realized it was prudent not to call Dr. Drob and the defendant decided not testify on the day when he was expected to testify. Mr. Simmons also stated he had a basis for all tactical decisions made in the case.

## CONCLUSIONS OF LAW

The question presented is whether there exists a legal basis to vacate the defendant's judgment of conviction. However, there is no merit to the claims raised herein by the defendant. The defendant contends the federal standard of review as well as New York State jurisprudence are applicable to evaluating his claims of ineffective assistance of counsel.

The defendant contends he has established the two prong test set forth, in *Strickland v. Washington,* 466 US 668 (1984). Namely, defense counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability, but for counsel's errors, the proceeding(s) would have resulted in a different outcome. *Strickland v. Washington,* 466 US 668 (1984). The *Strickland* analysis requires any judicial scrutiny bought to bear upon defense counsel's performance be highly deferential in an effort to avoid the distorting effects of hindsight. *Id.*

New York State jurisprudence dictates that trial tactics which terminate unsuccessfully do not automatically indicate ineffective representation. *People v. Baldi,* 54 N.Y.2d 137 (1981). "So long as the evidence, the law and the circumstances of a particular

case, viewed in totality, as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met. *Id* at 147.

The court is required to evaluate claims of ineffectiveness without confusing real ineffectiveness with circumstances amounting to nothing more than losing tactics employed by trial counsel. The defense strategy under review upon a claim of ineffectiveness need only reflect a reasonable and legitimate strategy under the particular circumstances of the subject case. A defense theory which is ultimately a losing theory does not amount to ineffective assistance of counsel. It is only when the evidence presented, on a motion of ineffective assistance of counsel, clearly establishes trial counsel partook in an inexplicable prejudicial course of conduct will courts deem the representation ineffective. *People v. Benevento*, 91 NY2d 708 (1998).

In applying either the *Strickland* standard or New York State analysis, the defendant failed to establish entitlement to the relief requested. In the instant case, it is clear the defendant has failed to meet the two-prong test of *Strickland*. The claims raised by the defendant do not rise to the level of an inexplicable prejudicial course of conduct on the part of trial counsel. The defendant contends defense counsel failed to call a medical expert to testify during the course of the trial regarding the defendant's medical records and the defendant's blood alcohol level. While the defendant, claims it was ineffective and fatal to his defense, trial counsel's decision to enter the defendant's medical records without calling a witness to explain those records does not amount to a failure which rises to the level of

ineffective assistance of counsel.

The defendant's intoxicated state was explored before the jury and the jury rejected those claims in finding the defendant guilty. Further, the defendant's own instance that he was not intoxicated at the time of this incident also placed trial counsel in the untenable position of setting forth a theory which was not consistent with the defendant's own position. Mr. Simon's could have called a medical professional to explain the defendant's medical records but his failure to do so does not rise to the level of a course of conduct which was inexplicably prejudicial. Particularly in light of the defendant's claims that he was not intoxicated at the time of this incident. The failure to call an expert under the particular facts and circumstances of this case amount to a mere tactical decision.

Moreover, the defendant's expert, Dr. Stripp, called for the purpose of this hearing could not establish that the defendant's blood alcohol level was such that his intent to commit the crime was negated. Dr. Stripp established the defendant had a particularly high blood alcohol level but the effects of which could vary greatly depending on the defendant's tolerance. There was no testimony presented which established that medical testimony regarding the defendant's level of intoxication would have changed the jury's finding. For each claim raised by the defendant there are equally plausible explanations why trial counsel proceeded in the manner which he did at the time of the trial.

Similarly, the counsel's alleged failure to impeach a material witness and decision to seek specific lesser included offenses do not rise to the level of ineffective assistance of

counsel. In each instance, Mr. Simons had a reasonable and legitimate strategy for pursuing the defendant's case in the manner in which he did.  Trial counsel's conduct did not constitute egregious or prejudicial conduct. The legal determination is whether Mr. Simon's conduct constituted egregious and prejudicial error such the defendant did not receive a fair trial. The evidence presented establish the defendant received a fair trial with the benefit of effective representation.  Moreover, as the trial court, having viewed the evidence first hand, there is a little doubt the claims raised by the defendant would have served to change the jury's verdict. Accordingly, there is no basis to find trial counsel acted in manner which was ineffective as a matter of law. Accordingly, the defendant's motion is denied in its entirety. It is hereby,

  **ORDERED**, the defendant's motion is denied. It is further,

  **ORDERED**, the defendant's right to appeal from this order is not automatic except in the single instance where the motion was made under CPL §440.30(1-a) for forensic DNA testing of evidence. For all other motions under Article 440, you must apply to a Justice of the Appellate Division for a certificate granting leave to appeal. This application must be filed within 30 days after your being served by the District Attorney or the court with the court order denying your motion. It is further,

  **ORDERED**, the application must contain your name and address, indictment number, the questions of law or fact which you believe ought to be reviewed and a statement that no prior application for such certificate has been made. You must include a copy of the court

order and a copy of any opinion of the court. In addition, you must serve a copy of your application on the following parties;

APPELLATE DIVISION, 2ND Department
45 Monroe Place
Brooklyn, NY 11201

Kings County Supreme Court
Criminal Appeals
320 Jay Street
Brooklyn, NY 11201

Kings County District Attorney
Appeals Bureau
350 Jay Street
Brooklyn, NY 11201

This shall constitute the decision and order of this Court.

_____
Deborah A. Dowling, J.S.C
HON. DEBORAH A. DOWLING
JUSTICE SUPREME COURT